IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

LEWIS RAPERT                                                                    PLAINTIFF

VS.                                        NO. 4:21-cv-19 LPR

DESIGN GROUP MARKETING LLC,
and MYRON JACKSON                                                      DEFENDANTS

## ANSWER TO ORIGINAL COMPLAINT

Defendants Design Group Marketing LLC and Myron Jackson, for their answer to plaintiff's complaint ("the complaint"):

## I.  PRELIMINARY STATEMENTS

1.      Admit that plaintiff purports to bring this action to seek certain relief under the Fair Labor Standards Act (FLSA) and the Arkansas Minimum Wage Act (AMWA) but deny plaintiff is entitled to the relief sought and deny that defendants violated either of these laws or committed any wrongdoing. Defendants further deny the remaining allegations contained in paragraph 1 of the complaint.

2.      Admit that plaintiff purports to bring this action to seek certain relief under the Families First Coronavirus Response Act (FFCRA) but deny that plaintiff is entitled to the relief sought and deny that defendants violated this law or committed any wrongdoing. Defendants further deny the remaining allegations contained in paragraph 2 of the complaint.

## II.  JURISDICTION AND VENUE

3.       State that the allegations contained in paragraph 3 of the complaint are conclusions of law to which no response is required. To the extent a response is

1

required, defendants admit that this Court has subject matter jurisdiction but deny any claim or implication that defendants have violated any laws.

4.     Admit that plaintiff's complaint purports to allege a violation of the AMWA and the AMWA claim purports to arise from the same alleged facts as the FLSA claim as alleged in paragraph 4 of the complaint. Defendants state that the remaining allegations contained in paragraph 4 of the complaint are legal conclusions to which no response is required. To the extent a response is required, defendants admit that this Court has supplemental jurisdiction over plaintiff's purported AMWA claim.

5.     Admit that defendants conduct business within the State of Arkansas but deny any implication that the defendants have violated any laws and further deny any implication that individual defendant Myron Jackson ("Jackson") was plaintiff's employer as defined by the laws referenced in plaintiff's complaint.

6.     Admit that venue is proper in this judicial district. Defendants state that the remaining allegations contained in paragraph 6 of the complaint are legal conclusions to which no response is required. To the extent a response is required, defendants deny the same.

7.     Admit that venue is proper in this judicial district. Defendants state that the remaining allegations contained in paragraph 7 of the complaint are legal conclusions to which no response is required. To the extent a response is required, defendants deny the same.

2258997-v1

### III.  THE PARTIES

8.     Admit, upon information and belief, the allegations contained in paragraph 8 of the complaint.

9.     Admit the allegations contained in paragraph 9 of the complaint.

10.    Admit the allegations contained in paragraph 10 of the complaint.

11.    Admit the allegations contained in paragraph 11 of the complaint but deny any implication that Jackson was plaintiff's employer as defined by the laws referenced in plaintiff's complaint.

12.    Admit the allegations contained in paragraph 12 of the complaint.

### IV.  FACTUAL ALLEGATIONS

13.    In response to the allegations contained in paragraph 13 of the complaint, defendants restate and incorporate by reference their responses to paragraphs 1 through 12 of the complaint. To the extent a response is required, defendants deny the same.

14.    Admit that Jackson has an ownership interest in Design Group Marketing LLC ("Design Group") but deny the remaining allegations contained in paragraph 14 of the complaint and deny any implication that he was plaintiff's employer as defined by the laws referenced in the complaint.

15.    Admit that Jackson has an ownership interest in Design Group but deny the remaining allegations contained in paragraph 15 of the complaint and deny any implication that he was plaintiff's employer as defined by the laws referenced in the complaint.

2258997-v1

16.     Deny the allegations contained in paragraph 16 of the complaint.

17.     Deny the allegations contained in paragraph 17 of the complaint.

18.     Admit that Jackson has an ownership interest and operates Design Group, a marketing firm, but deny the remaining allegations contained in paragraph 18 of the complaint.

19.     Deny the allegations contained in paragraph 19 of the complaint.

20.     Deny the allegations contained in paragraph 20 of the complaint.

21.     Deny the allegations contained in paragraph 21 of the complaint.

22.     Deny the allegations contained in paragraph 22 of the complaint.

23.     Admit that plaintiff was employed by Design Group as a salaried employee from January 2019 to December 2020 but deny the remaining allegations contained in paragraph 23 of the complaint and further deny any implication that defendants violated any laws.

24.     State that the allegations contained in paragraph 24 of the complaint are legal conclusions to which no response is required.

25.     Admit that Design Group employed plaintiff but deny the remaining allegations contained in paragraph 25 of the complaint.

26.     Admit that Design Group employed plaintiff as a salaried, exempt employee according to the relevant FLSA regulations but deny any implication of wrongdoing or violation of the FLSA and further deny the remaining allegations contained in paragraph 26 of the complaint.

4

5

27.     Admit that Design Group employed plaintiff as a Public Relations Specialist but deny the remaining allegations contained in paragraph 27 of the complaint.

28.     Deny the allegations contained in paragraph 28 of the complaint.

29.     Deny the allegations contained in paragraph 29 of the complaint as written.

30.     Admit the allegations contained in paragraph 30 of the complaint.

31.     Deny the allegations contained in paragraph 31 of the complaint.

32.     Deny the allegations contained in paragraph 32 of the complaint.

33.     Deny the allegations contained in paragraph 33 of the complaint.

34.     Deny the allegations contained in paragraph 34 of the complaint.

35.     Deny the allegations contained in paragraph 35 of the complaint.

36.     Deny the allegations contained in paragraph 36 as written and further deny that Jackson employed plaintiff as defined by the laws referenced in plaintiff's complaint.

37.     Deny the allegations contained in paragraph 37 of the complaint as written.

38.     Admit that plaintiff was employed as a salaried employee by Design Group but deny the remaining allegations contained in paragraph 38 of the complaint and further deny any implication that the defendants violated any laws.

2258997-v1

39.     Admit that plaintiff was employed as a salaried employee by Design Group but deny the remaining allegations contained in paragraph 39 of the complaint and further deny any implication that defendants violated any laws.

40.     Deny the allegations contained in paragraph 40 of the complaint.

41.     Deny the allegations contained in paragraph 41 of the complaint.

42.     Admit that plaintiff informally notified Jackson that plaintiff had tested positive for COVID-19 on October 8, 2020 but deny the remaining allegations contained in paragraph 42 of the complaint.

43.     Deny the allegations contained in paragraph 43 of the complaint.

44.     Deny the allegations contained in paragraph 44 of the complaint.

45.     Deny the allegations contained in paragraph 45 of the complaint.

46.     Deny the allegations contained in paragraph 46 of the complaint.

47.     Admit that plaintiff was paid for an additional 10 hours of emergency paid sick leave pursuant to the FFCRA by Design Group but deny the remaining allegations contained in paragraph 47 of the complaint and further deny any implication of any violation of any laws.

48.     Deny the allegations contained in paragraph 48 as written.

49.     Admit that defendants' counsel informed a representative of plaintiff that "the employment relationship has been too tainted to be restored." but state that they lack sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 49 of the complaint and therefore deny the same.

50.     Deny the allegations contained in paragraph 50 of the complaint.

6

## V. FIRST CAUSE OF ACTION—VIOLATION OF THE FLSA

51.    In response to the allegations contained in paragraph 51 of the complaint, defendants restate and incorporate by reference their responses to paragraphs 1 through 50 of the complaint. To the extent a response is required, defendants deny the same.

52.    Admit that plaintiff purports to seek relief under the FLSA as alleged in paragraph 52 of the complaint but deny that plaintiff is entitled to any relief and deny violating the FLSA in any respect.

53.    Admit that plaintiff was employed by Design Group but deny the remaining allegations contained in paragraph 53 of the complaint.

54.    Admit the allegations in paragraph 54 of the complaint as to Design Group, but only to the extent that "all times relevant to this Complaint" is defined as the period during which plaintiff was employed by Design Group. Defendants otherwise deny the allegations contained in paragraph 54 of the complaint.

55.    State that the allegations contained in paragraph 55 of the complaint are conclusions of law to which no response is required. To the extent that the allegations contained in paragraph 55 of the complaint are inconsistent with the provisions of the FLSA and Department of Labor (DOL) regulations, which speak for themselves, those allegations are denied.

56.    Deny the allegations contained in paragraph 56 of the complaint and further deny that Jackson was plaintiff's employer as defined by the relevant statutes included in the complaint.

2258997-v1

57.     Deny the allegations contained in paragraph 57 of the complaint and further deny that Jackson was plaintiff's employer as defined by the relevant statutes included in the complaint.

58.     Deny the allegations contained in paragraph 58 of the complaint and further deny that Jackson was plaintiff's employer as defined by the relevant statutes included in the complaint.

59.     Deny the allegations contained in paragraph 59 of the complaint and further deny that plaintiff is entitled to any relief whatsoever and deny that Jackson was plaintiff's employer as defined by the relevant statutes included in the complaint.

## VI.  SECOND CAUSE OF ACTION—VIOLATION OF THE AMWA

60.     In response to the allegations contained in paragraph 60 of the complaint, defendants restate and incorporate by reference their responses to paragraphs 1 through 59 of the complaint. To the extent a response is required, defendants deny the same.

61.     Admits that plaintiff purports to seek relief under the AMWA as alleged in paragraph 61 of the complaint but deny that plaintiff is entitled to the relief sought and denies violating the AMWA in any respect.

62.     Admits that Design Group employed plaintiff but deny the remaining allegations contained in paragraph 62 of the complaint.

63.     State that the allegations contained in paragraph 63 of the complaint are legal conclusions to which no response is required. To the extent that the allegations contained in paragraph 63 are inconsistent with the provisions of the

8

AMWA and FLSA and Department of Labor (DOL) regulations, which speak for themselves, those allegations are denied.

64.     Deny the allegations contained in paragraph 64 of the complaint and further deny that Jackson was plaintiff's employer as defined by the relevant statutes included in the complaint.

65.     Deny the allegations contained in paragraph 65 of the complaint and further deny that Jackson was plaintiff's employer as defined by the relevant statutes included in the complaint.

66.     Deny the allegations contained in paragraph 66 of the complaint and further deny that Jackson was plaintiff's employer as defined by the relevant statutes included in the complaint.

67.     Deny the allegations contained in paragraph 67 of the complaint and further deny that plaintiff is entitled to any relief whatsoever and deny that Jackson was plaintiff's employer as defined by the relevant statutes included in the complaint.

## VII.  THIRD CAUSE OF ACTION—VIOLATION OF THE FFCRA

68.     In response to the allegations contained in paragraph 68 of the complaint, defendants restate and incorporate by reference their responses to paragraphs 1 through 67 of the complaint. To the extent a response is required, defendants deny the same.

69.     Admit that plaintiff purports to seek relief under the FFCRA as alleged in paragraph 69 of the complaint but deny that plaintiff is entitled to the relief sought and denies violating the FFCRA in any respect.

2258997-v1

70.     Admit that Design Group employed plaintiff but deny the remaining allegations contained in paragraph 70 of the complaint.

71.     Admit that Design Group employed plaintiff but deny the remaining allegations contained in paragraph 71 of the complaint.

72.     State that the allegations contained in paragraph 72 of the complaint are legal conclusions to which no response is required. To the extent that the allegations contained in paragraph 72 of the complaint are inconsistent with the provisions of the FFCRA, which speak for themselves, those allegations are denied.

73.     Deny the allegations contained in paragraph 73 of the complaint and further deny that Jackson was plaintiff's employer as defined by the relevant statutes included in the complaint.

74.     State that the allegations contained in paragraph 74 of the complaint are legal conclusions to which no response is required. To the extent that the allegations contained in paragraph 74 of the complaint are inconsistent with the provisions of the FFCRA, which speak for themselves, those allegations are denied.

75.     Deny the allegations contained in paragraph 75 of the complaint and further deny that Jackson was plaintiff's employer as defined by the relevant statutes included in the complaint.

76.     Deny the allegations contained in paragraph 76 of the complaint and further deny that Jackson was plaintiff's employer as defined by the relevant statutes included in the complaint.

2258997-v1

77.     Deny the allegations contained in paragraph 77 of the complaint and further deny that Jackson was plaintiff's employer as defined by the relevant statutes included in the complaint.

78.     Deny the allegations contained in paragraph 78 of the complaint and further deny that plaintiff is entitled to any relief whatsoever and deny that Jackson was plaintiff's employer as defined by the relevant statutes included in the complaint.

## VIII.  PRAYER FOR RELIEF

79.     Deny that plaintiff is entitled to any relief or damages, including the relief and damages requested in the "WHEREFORE" clause of the complaint and its subparagraphs A through I.

## GENERAL DENIAL

80.     Deny each and every material allegation in the complaint that is not specifically admitted in this answer.

## AFFIRMATIVE AND OTHER DEFENSES

81.     State that the complaint should be dismissed because it fails to state facts sufficient to constitute any cause of action against defendants and fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) and any applicable state law.

82.     Reserve the right to file motions to dismiss challenging the sufficiency of plaintiff's claims against them or the legal grounds for his claims.

83.     State that Jackson was not an employer of plaintiff as defined by the FLSA, AMWA, or FFCRA.

11

2258997-v1

84.     State that plaintiff's claims are barred in whole or in part by the applicable statute of limitations; laches; estoppel; unclean hands; election of remedies; waiver; the *de minimis* nature of any alleged violation; the failure to mitigate any alleged damages; accord and satisfaction; offset for any payment of wages that were made but not owed; his at-will employee status; and the after-acquired evidence doctrine.

85.     State that plaintiff's claims are barred because Design Group has paid him all wages owed.

86.     State that plaintiff's pay was at all times in compliance with the applicable provisions of the FLSA, AMWA, and FFCRA.

87.     State that plaintiff meets the requirements for exempt status under 29 U.S.C. § 213(a)(1) (executive, administrative, or professional employees). *See also* 29 C.F.R. 541.200 *et seq.*; Ark. Code Ann. § 11-4-203(3)(A).

88.     State that plaintiff approved and ratified the actions complained of in the complaint and is therefore barred from asserting any claims upon which he now seeks relief.

89.     State that the plaintiff's claims are barred, in whole or in part, because he seeks compensation for non-compensable time under the 1947 Portal-to-Portal Act.

90.     State that plaintiff's claims for overtime under the FLSA and the AMWA are barred as a matter of law during any workweek in which plaintiff did not work in excess of 40 hours per week.

2258997-v1

91.     State that to the extent plaintiff seeks remedies against defendants beyond those available under the statutes upon which his claims are based, such remedies are improper.

92.     State that plaintiff is barred from bringing the complaint, and each purported cause of action therein, and obtaining any relief pursuant to the claims alleged therein, by virtue of any of plaintiff's affirmative misconduct.

93.     State that plaintiff's claims are barred as to all hours allegedly worked of which Design Group lacked actual or constructive knowledge.

94.     State that plaintiff's claims are barred because any alleged acts or omissions by Design Group were in good faith conformance with applicable administrative regulations, orders, ruling approvals or interpretation by the Administrator of the Wage and Hour Division of the U.S. Department of Labor or an administrative practice or enforcement policy of such agency and/or judicial orders and interpretations with respect to the class of employers to which Design Group belongs.

95.     State that if Design Group is found to have improperly classified plaintiff as exempt, which defendants expressly deny, then the claims of plaintiff fail to the extent that he lacks sufficient evidence to prove, as a matter of just and reasonable inference, the amount and extent of the work he allegedly performed during his employment with Design Group for which Design Group allegedly did not compensate him.

2258997-v1

96.     State that plaintiff's claims are barred as to all hours during which plaintiff was engaged in activities that were preliminary or post-liminary to his principal work activities or were otherwise not compensable working time.

97.     State that at all times relevant to this action, defendants acted in good faith and had reasonable grounds to believe that their conduct with respect to plaintiff, if any, was in full compliance with the FLSA, AMWA, and FFCRA.

98.     State that the plaintiff's alleged damages, if any, were caused by his own actions or omissions, or the actions or omissions of third parties.

99.     State that the complaint fails to state any facts upon which liquidated damages may be granted and that plaintiff is therefore not entitled to any extension of the two-year non-willful statute of limitations period under the FLSA and AMWA.

100.    State that any actions taken with respect to plaintiff were for legitimate and proper causes, and not because of any protected or illegal factor.

101.    Pleading alternatively, in the event there is a finding by the Court that Design Group considered an impermissible factor in any decision relating to plaintiff's employment, which it denies, Design Group states it would have taken the same actions in the absence of the impermissible factor.

102.    While denying that any alleged discriminatory acts took place, Design Group states that it exercises, and in the past has exercised, reasonable care to prevent and properly correct any discriminatory or improper behavior and states that plaintiff unreasonably failed to take advantage of any preventative and/or corrective

14

opportunities provided or to otherwise avoid harm. Therefore, plaintiff's claims are barred and he is estopped from pursuing any such claims.

103.  Assert all other affirmative defenses under the FLSA, AMWA, and FFCRA available to them.

104.  Hereby give notice that defendants intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery in this case and affirmatively assert and plead by reservation all Rule 12(b) defenses and Rule 8 affirmative defenses.

105.  Reserve the right to plead further and specifically reserve the right to file an amended answer or counterclaim.

WHEREFORE, defendants Design Group Marketing LLC and Myron Jackson respectfully request that the Court dismiss plaintiff's original complaint and award them costs, including reasonable attorney's fees, and all other proper relief.

Respectfully submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
PH:     (501) 371-0808
FX:     (501) 376-9442
EM:     aphillips@wlj.com
        dljones@wlj.com

Antwan Phillips (2010027)
Daveante Jones (2016163)
*Attorneys for Defendants*

2258997-v1